Stringfellow-G v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-316-CR

     GREGORY STRINGFELLOW,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 13,669
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Gregory Stringfellow pled guilty to one count of aggravated assault with a deadly weapon and
the court assessed the agreed punishment of ten years' incarceration, to run consecutively to the
punishment for aggravated robbery for which he is currently imprisoned. Tex. Penal Code Ann.
§ 22.02 (Vernon 1994). He appealed to this court. Because we did not receive a statement of
facts or a response to our request for a brief, we abated this cause to the trial court on October 16,
1996 for a hearing to determine Stringfellow intentions. Tex. R. App. P. 53(m); 74(l)(2). On
October 28, we received a letter from Stringfellow, requesting that we "recognize [his letter] as
[his] written request to have [his] appeal in the above named cause ‛terminated.'" In the relevant
part, Rule 59 of the Texas Rules of Appellate Procedure states:
(b) Criminal Cases. The appeal may be dismissed if the appellant withdraws his notice
of appeal at any time prior to the decision of the appellate court. The withdrawal shall
be in writing signed by the appellant and his counsel and filed in duplicate with the clerk
of the court of appeals in which the appeal is pending . . . . Notice of the dismissal shall
be sent to the clerk of the trial court in which notice of appeal was filed. 
Id. 59(b).
      Consistent with his request, we will consider the letter as a motion to withdraw his notice of
appeal. We have not issued a decision in this appeal. Stringfellow has signed the letter. Although
he was represented by an appointed attorney at trial, he indicated that the lawyer would not
represent him on appeal. However, he has not retained an attorney, filed an affidavit of indigency
or requested an appointed attorney on the record before us; thus, he is proceeding pro-se at this
time and no signature from a lawyer is necessary. Because the letter includes the necessary items
required by Rule 59(b), we grant his request and dismiss this appeal.

                                                                               PER CURIAM

Before   Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Appeal dismissed on appellant's motion 
Opinion delivered and filed November 20, 1996
Do not publish